# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| MARK FRANKE #1778731 | § | |
| | § | |
| V. | § | A-20-CV-202-RP-SH |
| | § | |
| TRAVIS COUNTY | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules. Before the Court is Plaintiff's civil rights complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

### I. STATEMENT OF THE CASE

On February 29, 2012, Plaintiff was convicted of engaging in organized criminal activities in Tom Green County and sentenced to 25 years in prison. While on parole in that case, Plaintiff was arrested and convicted in federal court of possession of a firearm by a felon. *See United States v. Franke*, No. A-18-CV-362-LY (W.D. Tex.). On September 19, 2019, the Honorable Lee Yeakel sentenced Plaintiff to 120 months' imprisonment. After he was sentenced in federal court, Plaintiff's parole was revoked and he was transferred to the Travis County State Jail, where he was incarcerated when he filed his complaint pursuant to 42 U.S.C. § 1983.

Plaintiff alleges that he was arrested on May 10, 2018, in Travis County, Texas. The presentence investigation report filed in his federal criminal case indicates that Plaintiff was

injured during his arrest when he fled. Plaintiff complains that the deputies who arrested him used excessive force by placing him in restraints that caused him serious bodily injury. Plaintiff does not sue the deputies involved in the arrest. Rather, he only sues Travis County. He seeks damages for past and future medical expenses, punitive damages, and nominal damages.

## II. DISCUSSION AND ANALYSIS

### A. Standard under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986). When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations liberally. *See Haines v. Kerner*, 404 U.S. 519 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

### B. Travis County Liability

A political subdivision cannot be held responsible for a deprivation of a constitutional right merely because it employs a tortfeasor; in other words, a local government unit cannot be held responsible for civil rights violations under the theory of respondeat superior. *Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992). The standard for holding a local government unit responsible under § 1983 requires that there be a custom or policy that caused the plaintiff to be subjected to the deprivation of a constitutional right. *Id.*; *see also Collins v. City of Harker Heights, Tex.*, 916

F.2d 284, 286 (5th Cir. 1990), *aff'd*, 503 U.S. 115 (1992). Thus, Travis County would violate an individual's rights only through implementation of a formally declared policy, such as direct orders or promulgations, or through informal acceptance of a course of action by its employees based on custom or usage. *Bennett v. City of Slidell*, 728 F.2d 762, 768 (5th Cir. 1984). A single decision made by an authorized governmental decisionmaker to implement a particular course of action represents an act of official government "policy." *Pembaur v. Cincinnati*, 475 U.S. 469, 481 (1986). Plaintiff failed to identify a policy, practice, or custom of Travis County that caused a deprivation of his constitutional rights.

### III. <u>RECOMMENDATION</u>

The undersigned therefore recommends that Plaintiff's complaint be dismissed without prejudice for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e).

It is further recommended that Plaintiff be warned that if he files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

In the event that this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the keeper of the three-strikes list.

### IV. <u>OBJECTIONS</u>

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are

being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained within this Report within fourteen (14) days after being served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations and, except on grounds of plain error, shall bar the party from appellate review of proposed factual findings and legal conclusions accepted by the District Court to which no objections were filed. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on March 27, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE